UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDRÉS SOSA,<br>    *Plaintiff*,<br><br>        v.<br><br>DR. ROBERT RICHESON, et al.<br>    *Defendants.* | No. 3:21-cv-927 (VLB) |

INITIAL REVIEW ORDER

The plaintiff, Andrés Sosa, a sentenced *pro se* inmate at Cheshire Correctional Institution ("Cheshire") in the custody of the Department of Correction ("DOC"), filed this civil rights complaint[1] under 42 U.S.C. § 1983.  [ECF No. 1 (Compl.)].[2]

He alleges violation of the Eighth Amendment to the United States Constitution and has named only Dr. Robert Richeson, Chief Operating Officer of DOC Health and Addiction Services, as a defendant in his case caption.[3]  *Id.*  In the body of his complaint, he names several other defendants, including DOC and the following individuals: Dr. Kathleen Maurer, Regional Chief Operating Officer Kristen Shea, RN Jacob Degennaro, RN Jane Ventrella, LPN Amy Lenarz, APRN

---

[1] Plaintiff is proceeding *in forma pauperis*.  [ECF No. 7].

[2] The Court may "take judicial notice of relevant matters of public record."  *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012).  The DOC website shows that Plaintiff was sentenced to forty-three years of incarceration on May 31, 2001. http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=260589.

[3] Federal Rule of Civil Procedure 10(a) requires that all defendants are named in the case caption.

Vincent Santavenere, APRN Sandra Charles, APRN Deborah Broadley, Dr. Ricardo Ruiz, RN Debbie Wilson Cruz, Correction Officer Lambo, Correction Officer Colon Jr, Correction Officer Whittend, Correction Officer Castro, Correction Officer Washington, Correction Officer Marquis, UCONN President Thomas Katsouleas, Dr. Andrew Agwunobi, UCONN Health President of Medical Association Jennifer Jackson, Correction Officer Torres, and Warden Denise Walker.   [ECF No. 1 (Compl.) at 2-11].  He seeks damages and equitable relief.  *Id.* at 6.

For the following reasons, the Court will dismiss the complaint without prejudice.

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'") (quoting 28 U.S.C. § 1915A).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley* v. *Gibson*, 355 U.S. 41, 47 (1957)).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 555, 570.  A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement."  *Twombly*, 550 U.S. at 555–57.  Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely."  *Id.* at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest."  *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of*

3

*Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101-02 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants).

"Rule 21 provides that a court 'may sever any claim against a party.' Fed. R. Civ. P. 21. The decision whether to sever a claim 'is committed to the sound discretion of the trial court.'" *Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp. 2d 258, 263 (D. Conn. 2012) (quoting *Greystone Cmty. Reinvestment Ass'n v. Berean Cap., Inc.*, 638 F. Supp. 2d 278, 293 (D. Conn. 2009)). "Courts consider whether: (1) the claims arise out of the same transaction or occurrence; (2) the claims present some common question of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) prejudice would be avoided; and (5) different witnesses and documentary proof are required for the separate claims." *Id.*

## III.    DISCUSSION

The Court concludes that Plaintiff's complaint should be dismissed for failure to comply with Rule 8. Plaintiff has filed a complaint that is not short or plain. Fed. R. Civ. P. 8(a). Nor are his allegations "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 8 requires that a statement for relief be plain "because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Plaintiff's sixty-eight page complaint, includes almost fifty-one pages of allegations. His claims arise from his concern that DOC has intentionally

4

denied and delayed his access to medical care and has failed to provide him with transportation for scheduled outside medical appointments for CT scans, MRIs, Holter Monitor use, spinal steroid injection, and consults with cardiology, neurology, and opthamology specialists.   [ECF No. 1 (Compl.) at 5-6].   His complaint describes numerous interactions with medical professionals.   In places, his complaint refers to conduct by "defendants" without indicating a specific named defendant.

As best as the Court can discern, Plaintiff complains about the following: various instances where he did not receive appropriate medical attention for his cardiology condition and heart attack symptoms, including failure to provide him access to a working Holter Monitor; lack of an MRI; indifference to his need for outside medical appointments; vision problems; emotional distress; failure to provide him with a cancer test; inmates who are dying due to UCONN Medical Center's failure to provide appropriate care for inmates; failure to process his administrative remedies; delay in having an Ear Nose and Throat appointment after his CT scan; failure to follow proper medical protocol  and violation of his medical privacy; lack of a neurology appointment; and dissemination of false information, conspiracy and fraudulent record keeping.

Dismissal of a complaint under Rule 8 "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  *Salahuddin*, 861 F.2d at 42.  However, even with the special solicitude afforded to Plaintiff as a *pro se* plaintiff, dismissal of the instant complaint is warranted.

The Rule 8 requirements serve to relieve the Court and defendants of the "unjustified burden" of having "to select the relevant material from a mass of verbiage." *Celli v. Cole*, 699 F. App'x 88, 89 (2d Cir. 2017) (quoting *Salahuddin*, 861 F.2d at 42). Neither the Court nor the defendants should be subjected to discerning the relevant facts about Plaintiff's claims against the named defendants from more than 50 pages of allegations.

Accordingly, the Court will dismiss the complaint without prejudice to repleading an amended complaint that complies with Rule 8.

If Plaintiff chooses to amend his complaint, he must allege nonconclusory factual allegations that clearly set forth the circumstances underlying each of his claims for relief against each specific defendant. His allegations must state facts about how any defendant whom he seeks to hold liable for damages violated his rights through his or her conduct because a defendant's personal involvement in an alleged constitutional violation is a prerequisite to hold a defendant liable for an award of damages under section 1983. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). Plaintiff should provide his allegations in numbered paragraphs, and all facts alleged should be relevant to the claims asserted against the named defendants. Plaintiff must also name all defendants in his case caption. The Court will only consider claims asserted against defendants actually named in the case caption. It is not sufficient to write "et. al." in the case caption.

Finally, the Court notes that Plaintiff has, but cannot, assert his section 1983 claims againt the DOC, a state agency that is not a "person" subject to suit under

6

42 U.S.C. § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (state and state agencies not persons within meaning of Section 1983).

Plaintiff may have plausible claims to assert against Defendants.  However, any amended complaint must provide notice to the Court and Defendants of Plaintiff's claims for relief through "simple, concise, and direct" allegations.  See Fed. R. Civ. P. 8(d)(1).  In addition, the Court may sever any unrelated claims in the amended complaint, *see* Fed. R. Civ. P. 21, which means that Plaintiff would have to prosecute separate cases and pay separate filing fees for any claims so severed. *Costello*, 888 F. Supp. 2d at 263.

### ORDER

For the foregoing reasons, the Complaint is DISMISSED without prejudice under 28 U.S.C. §1915A.

The Court will afford Plaintiff one opportunity to file an amended complaint, within 35 days of this Order's filing date, to assert his claims for relief in an amended complaint that complies with Federal Rule of Civil Procedure 8 and this Order.

Failure to file an amended complaint within this period will result in the dismissal and closing of this case.

_____/s/_____
Vanessa L. Bryant
United States District Judge

SO ORDERED at Hartford, Connecticut this 1st day of October, 2021.